OPINION
Appellant Maronda Homes, Inc. of Ohio, appeals a declaratory judgment of the Delaware County Common Pleas Court finding its lease with appellee Timothy Wooten unenforceable:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED WHEN IT HELD THAT THE LEASE WAS AMBIGUOUS AND, THEREFORE, UNENFORCEABLE.
 II. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE LEASE WAS A "PERPETUAL LEASE," SUBJECT TO ONLY ONE (1) RENEWAL.
Appellant built a model home as part of the development of a subdivision. Appellant sold the home to appellee. The parties entered into a lease on March 18, 1998, whereby appellee leased the home back to appellant for use as a model home and sales office. Appellee wishes to terminate the lease and move into the house. Appellant has lots remaining in the subdivision to sell, and wants to continue using the model home. Appellant filed the instant action seeking a declaration that the lease agreement was not subject to Revised Code Chapter 5321, and the lease term providing for extension at one-month intervals was enforceable. Appellee counterclaimed for fraud and conversion. Following bench trial in the Delaware County Common Pleas Court, the court determined that the terms of the lease were ambiguous, and the lease was therefore unenforceable. The court dismissed the counterclaim.
 I
The relevant term of the lease provides that the lease was to: "Extend for a period of six months thereafter with the right of Lessee (to extend that lease at one month intervals thereafter) or (to renew the lease for an additional — months under the same terms). It is also mutually agreed that the Lessee may terminate at any time beyond 6 months by providing in writing intention to terminate the lease with a minimum of thirty days notice. It is also mutually agreed that this lease may terminate at any time, given consent of both parties.
Appellant argues that the lease is not ambiguous, as the insertion of dashes on the blank in the second parenthetical clearly demonstrates that the second parenthetical was discarded as a provision of the lease. We disagree. As the lease does not clearly indicate that one of the two parentheticals was selected, the court did not err in finding the renewal term to be ambiguous. The mere insertion of dashes does not indicate that the other parenthetical was controlling. The dashes could indicate that the parties did not intend any subsequent renewal, or that the parties could not reach agreement at the time the lease was entered as to a renewal term. However, having found the lease to be ambiguous, the court erred in finding the lease to be unenforceable. If the words used in a document are ambiguous, the court is entitled to consider extrinsic evidence to decide what the parties intended. E.g. Shiffin v. Forest City Enterprises, Inc. (1992), 64 Ohio St.3d 635, syllabus. The court admitted the testimony of the parties concerning the renewal term. In fact, the court made findings concerning the state of the evidence regarding renewal: Mr. Wooten understood the lease was for a six month term with a six month renewal. Mr. Moses testified that he told Mr. Wooten he estimated that it would take a year and one-half before all the lots were sold in the subdivision. Mr. Wooten understood that the purpose of the model was to sell lots and that only when the subdivision was complete would the need for the model end. Mr. Wooten indicated he was not in a hurry to move into the home because he was living with his parents and only needed the home for tax purposes.
However, having recited the testimony concerning the understanding of the parties regarding renewal, the court did not make a finding as to whom he believed. Having found the contract to be ambiguous, the court was required, as the finder of fact in the instant case, to determine the renewal term of the lease. The first assignment of error is sustained.
 II
Appellant argues that the court erred in finding that the lease was a perpetual lease, subject to only one renewal. The court did not find that the lease was a perpetual lease. Rather, the court observed that if it accepted appellant's theory, that the lease could be renewed month-to-month indefinitely, the effect would be to create an unenforceable perpetual lease. However, the court did not specifically find that the lease was a perpetual lease, and did not hold it unenforceable on this basis. The second assignment of error is overruled.
The judgment of the Delaware County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law and consistent with this opinion.
By Gwin, P.J., Wise, J., and Edwards, J., concur.